# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARRIOR WEEKEND CORPORATION, | ) |
| | ) |
| Plaintiff, | ) C.A. No. _____ |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| STEPHEN T. UDOVICH, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Warrior Weekend Corporation ("WWC"), by and through its undersigned counsel, for its Complaint against Defendant Stephen T. Udovich, alleges as follows:

## NATURE OF ACTION

1.    WWC administers the Warrior Weekend Program (the "Program"), which raises funds and administers weekend trips for active duty military enlisted and officer personnel undergoing medical treatment for wounds sustained in Iraq and Afghanistan.

2.    Mr. Udovich, a founder of the Program, served as Program Leader until his resignation in September 2011.  Since that time, the Program has continued to successfully carry out its important mission.  Furthermore, since Mr. Udovich left the Program, it has continued to use the name "Warrior Weekend" and the Warrior Weekend logo (the "Warrior Weekend Logo").

3.     Despite his lack of involvement with the Program since that date, Mr. Udovich claims to own property of the Program. He has misappropriated control of the Program's website, www.warriorweekend.com (the "Website") used the Program to advance his own interests and new endeavor, and has announced his intention to use the "Warrior Weekend" name.

4.     WWC brings this action against Mr. Udovich for: 1) breach of the contract titled "Warrior Weekend Program, Transfer of Program to the Department of Delaware Oak Orchard Riverdale American Legion Post 28" and executed on February 1, 2012 (the "Transfer Agreement") (Exhibit A); 2) specific performance of certain portions of the Transfer Agreement; 3) breach of the Deceptive Trade Practices Act; 4) common law trademark infringement; 5) fraudulent and false registration of a trademark; and 6) a declaratory judgment regarding the ownership rights of the Warrior Weekend name, Warrior Weekend Logo (an example of which can be seen on Exhibit B), and other property transferred pursuant to the Transfer Agreement.

5.     WWC seeks damages, specific performance, cancellation of Mr. Udovich's fraudulently obtained trademark registrations, and both preliminary and permanent injunctive relief.

6.     Given Mr. Udovich's willful actions, this is also a case where shifting of attorneys' fees is warranted.

## PARTIES AND JURISDICTION

7.    Plaintiff WWC is a 501(c)(3) organization incorporated under the laws of the State of Delaware.  The primary purpose of WWC is to administer the the Program, which raises funds and administers weekend trips for active duty military enlisted and officer personnel undergoing medical treatment for wounds sustained in Iraq and Afghanistan.

8.    Defendant Stephen T. Udovich is a resident of the State of Delaware residing at 421 Scarecrow Court, Hockessin, DE  19707.  Mr. Udovich helped found the Program, but has not been actively involved in the administration of the Program since September 2011.

9.    Non-party Department of Delaware Oak Orchard Riverdale American Legion Post 28 ("Post 28") is an American Legion Post in Millsboro, Delaware.  Prior to WWC's incorporation in July 2013, the Program was administered the Warrior Weekend Program.

10.    Subject matter jurisdiction is proper under 15 U.S.C.A. § 1121.

## STATEMENT OF FACTS

### The Founding of the Program

11.    At the time Mr. Udovich founded the Program, it was organized under the auspices of the Veterans of Foreign Wars Post 475 in Newark, Delaware ("Post 475").  In 2008, the Commander of Post 475 asked Mr. Udovich to move

the program to another post or to a non-profit organization. Mr. Udovich approached Post 28 and asked it to accept and administer the Program.

12. Post 28 agreed to accept the program at its membership meeting of February 14, 2008. On February 25, 2008, the actual transfer was completed with the commander of Post 475 turning over to Post 28 whatever files and monies that Post 475 had that belonged to the Program.

13. While at Post 28, the Program maintained a separate checking account and separate books and accounting.

14. Mr. Udovich initially stayed on as Program Leader of the Program.

### Mr. Udovich Resigns from the Program and Enters into the Transfer Agreement

15. On September 1, 2011, Mr. Udovich tendered his resignation as Program Leader to Jim Gallagher, then Post 28 Commander. (Exhibit C.)

16. On October 21, 2011, to effectuate the transfer of the Program and its property from Mr. Udovich's control to Post 28, Gallagher provided Mr. Udovich with a the Transfer Agreement to "cover[] the transfer of the Warrior Weekend Program from [Mr. Udovich's] responsibility to that of . . . Post 28." (Exhibit A.)

17. Mr. Udovich signed the Transfer Agreement on February 1, 2012.

18. Pursuant to the first paragraph of the Transfer Agreement, Mr. Udovich agreed to "transfer full control of the program to" Post 28. (*Id.*)

8596118/3

4

19.    Additionally, in the second paragraph of the Transfer Agreement,

Mr. Udovich agreed to the following:

> Along with the control of the program, the following additional items will be transferred to [Post 28] in a most expeditious manner, so as to not affect the program nor delay the implementation of the program at Post 28:
>
> 1. Computing equipment including printing equipment that was purchased with Warrior Weekend Program funds.
> 2. Any photographic equipment that was purchased with Warrior Weekend Funds.
> 3. Electronic copy of the complete donor listing.
> 4. Password for the Warrior Weekend web site so changes and updates can be made by Post 28.
> 5. Points of Contact that have supported the Warrior Weekend Program in the past at organizations such as:
>    a. Marriott Hotel/Motel
>    b. AMTRAC
>    c. Veteran Organizations
>    d. Motorcycle Clubs
>    e. Any other contacts that have been used in the past so Post 28 does not have to re-establish these contacts.
> 6. Any Warrior Weekend merchandise such as shirts, hats, etc.
> 7. Correspondence files covering past trips/missions in order that a complete file of the program can be retained at Post 28.
> 8. electronic copy of any Warrior Weekend logo material.

> 9. Any additional material/data deemed necessary to the success of the Program.
>
> 10. Unlimited Rights* to the name "Warrior Weekend."

(*Id.*)

20.    The Transfer Agreement defined "Unlimited Rights" as "the right of ... Post 28 to use, disclose, reproduce, prepare derivative work, distribute copies to the public, and perform publicly and display publicly in any manner and for any purpose, and to have or permit others to do so."

21.    The Transfer Agreement did not include an anti-assignment provision, nor did Mr. Udovich reserve any rights with respect to the Program, its name, or the Warrior Weekend Logo.

22.    At the time the parties entered into the Transfer Agreement, Mr. Udovich wanted to remain the "registered owner" of the Website because he believed he would have to change his Yahoo email address if ownership were to change hands. Regardless, Mr. Udovich made clear that control of the Website passed from his hands pursuant to the Transfer Agreement.

23.    Although Post 28 originally accommodated Mr. Udovich's request to remain listed as a "registered owner" of the Website (so the he would not lose his Yahoo email address and password), once the need for the accommodation passed, Udovich agreed to the transfer of ownership of the Website. (Exhibit D.) Despite his agreement, Mr. Udovich has failed to complete the transfer.

## Transfer of the Program from Post 28 to WWC and Assignment of Rights to WWC

24.    In July 2013, at the request of Post 28, the Program's volunteer administrators established WWC, a separate corporation, to administer the Program. Post 28 continued to allow WWC to operate out of Post 28's building, but WWC used a separate mailing address and maintained its own banking account. At that time, Mr. Udovich was cooperating with WWC to transfer ownership of the Website to Karen Marvel, who was maintaining the Website on behalf of WWC, though ultimately Mr. Udovich did not follow through with his agreement to transfer ownership.

25.    In September 2014, WWC was approved as a 501(c)(3) non-profit organization.

26.    In early 2015, WWC sought to move certain Program funds from Post 28's checking account and into WWC's own checking account. The Executive Committee of Post 28 approved the transfer, which Post 28 completed during the last week of May 2015.

27.    Shortly thereafter, Post 28 also assigned its rights under the Transfer Agreement to WWC (the "Assignment"). In a June 1, 2015 letter memorializing the Assignment (the "Assignment Letter"), Austin Govin, the Commander of Post 28 Commander, stated:

On February 1, 2012 Steve Udovich finally transferred all the assets of the program to American Legion Post 28. With this transfer, Steve Udovich also transferred Unlimited Rights to the name Warrior Weekend to [Post 28]. These unlimited rights granted [Post 28] authorization to use, disclose, reproduce, prepare derivative works, distribute copies to the public, and perform publicly and display publicly in any manner and for any purpose, and to have and or permit others to do so. . . . Effective June 1, 2015, the same unlimited rights that were transferred to Post 28 from Steve Udovich back on February 1, 2012, were effectively transferred to the [WWC]. This transfer moved the [Program] from a program under [Post 28] to [WWC] that was incorporated in July of 2013 in the State of Delaware.

(Exhibit E.)

### Mr. Udovich Blocks Access to the Website and Wrongfully Registers Warrior Weekend Logo as Trademark in His Own Name

28.     Soon after the Assignment, in June of 2015, Mr. Udovich cut off WWC's access to the Website and posted disparaging content to the Website that WWC had not approved.

29.     Since that time, Mr. Udovich has questioned WWC's rightful ownership of the Website and claimed that Post 28 had violated the Transfer Agreement, despite being provided a copy of the Assignment Letter.

30.     Although Mr. Udovich later removed the disparaging content, he continues his misappropriation of control of the Website, which has divested WWC of its rights under the Transfer Agreement. WWC has been forced to spend time and resources on a new website and on new materials with the name of the new website. Thousands of dollars in merchandise bearing the website name

"warriorweekend.com" is currently unusable due to Mr. Udovich's misappropriation of control of the Website.

31.    Given how Mr. Udovich has used the Website during his period of improper control, it has also jeopardized WWC's reputation. Mr. Udovich continues to use the Website to promote "a mission similar to what I started in 2006" while displaying prominently the Warrior Weekend Logo. Based on a letter from Mr. Udovich's of October 29, 2015, it appears he intends to call this organization "The Original Warrior Weekend." (Exhibit F.) Furthermore, Mr. Udovich admits that he plans to tell others that The Original Warrior Weekend is "the original" and that WWC is nothing but The Original Warrior Weekend's "offspring."

32.    By using the Website, which was used by WWC until Mr. Udovich's misappropriation of control, and by using the Warrior Weekend Logo, Mr. Udovich is creating confusion for WWC's potential donors and beneficiaries. Additionally, WWC had redesigned the Website, and Mr. Udovich is using the redesigned site for his benefit.

33.    WWC has attempted to reach a negotiated resolution with Mr. Udovich since June 2015. However, rather than negotiating in good faith, Mr. Udovich has strung out the settlement discussions to delay the filing of this action

so that he could fraudulently register the Warrior Weekend Logo as a trademark in his own name.

34.     Unbeknownst to WWC, in August 2015, Mr. Udovich applied for a trademark in his name using the Warrior Weekend Logo. In that application, Mr. Udovich claimed that "the mark was used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 4/1/2010 ... *and is now in use in such commerce*." (Exhibit G (emphasis added).) Mr. Udovich made this statement despite the fact that he had not used the Warrior Weekend Logo at least since the time of the execution of the Transfer Agreement, which was executed on February 1, 2012.

35.     Unable to show his own current use of the Warrior Weekend Logo in the application, Mr. Udovich provided a copy of a flyer prepared and distributed by WWC in 2014. (*Id.*) He presented the document displaying the Warrior Weekend Logo as if he had distributed it to support his false claim of ongoing use. His application of course does not disclose the Transfer Agreement or that Post 28 and subsequently WWC had actually used the mark over the three and one-half years since the Transfer Agreement. Also, Mr. Udovich appears to have altered the document to remove the "Warrior Weekend" reference in the middle of the page. (*Compare* Exhibit G (flyer provided to USPTO by Mr. Udovich) *with* Exhibit H (unredacted version of WWC's flyer).

36.     On information and belief, Mr. Udovich has received registration for the trademark in Delaware by making similarly false statements.

37.     After unilaterally obtaining registrations for the mark through these misrepresentations, on May 31, 2016, Mr. Udovich sent a letter stating, in part:

> Please inform Warrior Weekend Corporation, WWC, that it is both inappropriate and unlawful for them to use the above mentioned mark at this time. ... Please inform WWC that their current use of this mark on their website and promotional items, (hats, clothing, posters, etc.), is against the law.

(Exhibit I.)

38.     Mr. Udovich has also updated the Website since receiving the trademark registration through fraud.  Demonstrating Mr. Udovich's continued intent to misappropriate the name "Warrior Weekend" and the Warrior Weekend Logo, Mr. Udovich posted:

> On May 10, 2016, the United States Patent and Trademark Office issued our trademark.
>
> Our trademark now enjoys the same protection as marks owned by large companies like Nike and Apple ! [sic]
>
> *We are proud of this mark and look forward to using it as we move forward in a new direction with Warrior Weekend.*

(Exhibit J (emphasis added).)

39.     Contrary to Mr. Udovich's statements, WWC possesses a common law trademark over the Warrior Weekend Logo.  His unilateral registration of the

trademark, based on misrepresentations and the passing off of a WWC flyer as his own was wrongful and does not alter WWC's ownership of the mark.

## COUNTS

### COUNT I
### (Breach of Contract)

40.     WWC restates the allegations in Paragraphs 1 through 39 of this Verified Complaint as if fully set forth herein.

41.     Mr. Udovich signed the Transfer Agreement on February 1, 2012.

42.     The Transfer Agreement is a binding and enforceable contract.

43.     Pursuant to the first paragraph of the Transfer Agreement, Mr. Udovich agreed to "transfer full control of the program to" Post 28. (Exhibit A.)

44.     Additionally, in the second paragraph of the Transfer Agreement, Mr. Udovich agreed to the following:

> Along with the control of the program, the following additional items will be transferred to [Post 28] in a most expeditious manner, so as to not affect the program nor delay the implementation of the program at Post 28:
>
> 1. Computing equipment including printing equipment that was purchased with Warrior Weekend Program funds.
> 2. Any photographic equipment that was purchased with Warrior Weekend Funds.
> 3. Electronic copy of the complete donor listing.
> 4. Password for the Warrior Weekend web site so changes and updates can be made by Post 28.

5. Points of Contact that have supported the Warrior Weekend Program in the past at organizations such as:

    a. Marriott Hotel/Motel

    b. AMTRAC

    c. Veteran Organizations

    d. Motorcycle Clubs

    e. Any other contacts that have been used in the past so Post 28 does not have to re-establish these contacts.

6. Any Warrior Weekend merchandise such as shirts, hats, etc.

7. Correspondence files covering past trips/missions in order that a complete file of the program can be retained at Post 28.

8. Electronic copy of any Warrior Weekend logo material.

9. Any additional material/data deemed necessary to the success of the Program.

10. Unlimited Rights* to the name "Warrior Weekend."

(*Id.*)

45. The Transfer Agreement defined "Unlimited Rights" as "the right of … Post 28 to use, disclose, reproduce, prepare derivative work, distribute copies to the public, and perform publicly and display publicly in any manner and for any purpose, and to have or permit others to do so."

46. The Transfer Agreement contains no anti-assignment provisions.

47. Post 28 assigned its rights under the Transfer Agreement to WWC.

48.     Mr. Udovich breached the Transfer Agreement by misappropriating control of the Website and then refusing to provide the new password of the Website to WWC.

49.     WWC has been forced to spend time and resources on a new website and on new materials with the name of the new website. Thousands of dollars in merchandise bearing the website name "warriorweekend.com" is now unusable due to Mr. Udovich's misappropriation of control of the Website.

50.     Mr. Udovich is also wrongfully using the Warrior Weekend Logo in violation of the Transfer Agreement. Furthermore, he has used misrepresentations to the USPTO, as well as passed off a WWC document as his own, to register the Warrior Weekend Logo in his name.

51.     On information and belief, Mr. Udovich has made similar misrepresentations to the State of Delaware.

52.     Based on a letter from Mr. Udovich of October 29, 2015, Mr. Udovich also intends to start a new organization called "The Original Warrior Weekend." (Exhibit F.)

53.     More recently, Mr. Udovich posted on the Website that his organization was proud of the Warrior Weekend Logo he had registered and that it "look[s] forward to using it as we move forward in a new direction with Warrior Weekend."

(Exhibit J (emphasis added).) This misappropriation of the name and logo also breaches the Transfer Agreement.

54. WWC has been damaged by these breaches in an amount to be proven at trial.

55. WWC is also entitled to an injunction: 1) preventing Mr. Udovich from using the name Warrior Weekend; 2) preventing Mr. Udovich from using the Warrior Weekend Logo; 3) preventing Mr. Udovich from claiming to represent the Program or WWC; and 4) requiring Mr. Udovich to disclose to the State of Delaware and the USPTO that he represented WWC document as his own as well as to correct any other misrepresentations.

56. In the absence of such injunctive relief, WWC will be irreparably harmed because it will be deprived of the benefit of its bargain and face confusion in the marketplace.

57. There can be no harm to Mr. Udovich once enjoined because he simply will be asked to abide by the terms of the Transfer Agreement to which he agreed.

58. WWC is without an adequate remedy at law.

**(COUNT II)**
**(Specific Performance)**

59. WWC restates the allegations in Paragraphs 1 through 58 of this Verified Complaint as if fully set forth herein.

60.     Mr. Udovich signed the Transfer Agreement on February 1, 2012.

61.     The Transfer Agreement is a binding and enforceable contract.

62.     The Transfer Agreement contains no anti-assignment provisions.

63.     On June 1, 2015, Post 28 assigned its rights under the Transfer Agreement to WWC.

64.     WWC has met its obligations to operate the Program.

65.     WWC is entitled to an order from this Court compelling Mr. Udovich to specifically perform his obligation under the Transfer Agreement to provide the "Password for the Warrior Weekend web site so changes and updates can be made" by WWC.

66.     The balance of the equities weigh in favor of granting this request for specific performance. If the request is not granted, Mr. Udovich will be able to create confusion in the marketplace and to use the Website, which had been used by the Program until Mr. Udovich misappropriated it, for a similar purpose as the Program. By comparison, Mr. Udovich will suffer no prejudice since he will only have to abide by the terms of the Transfer Agreement.

## COUNT III
### (Deceptive Trade Practices)

67.     WWC restates the allegations in Paragraphs 1 through 66 of this Verified Complaint as if fully set forth herein.

68.     By refusing WWC access to and control of the Website, promoting a new charitable organization with a nearly identical name and similar mission, and by doing so using the Warrior Weekend Logo, Mr. Udovich is also in violation of the Deceptive Trade Practices Act. *See* 6 *Del. C.* § 2531, *et seq.*

69.     The Deceptive Trade Practices Act protects WWC against the confusion that Mr. Udovich has introduced into the market by unilaterally and improperly controlling the Website.  In recent months, Mr. Udovich has continued to use the Website both to promote misinformation about WWC and to disseminate information about his personal endeavors unrelated to WWC's activities.  In fact, Mr. Udovich continues to use the Website to promote "a mission similar to what I started in 2006."

70.     Based on Mr. Udovich's letter of October 29, 2015, it appears he intends to call this organization "The Original Warrior Weekend." (Exhibit F.) The very name is designed to create confusion and to suggest that WWC is something less than fully legitimate.  Furthermore, Mr. Udovich admits that he plans to tell others that The Original Warrior Weekend is "the original" and that WWC is nothing but The Original Warrior Weekend's "offspring."

71.     After fraudulently registering the Warrior Weekend Logo in his name, Mr. Udovich posted material on the Website saying that his organization was proud of the Warrior Weekend Logo and that it "look[s] forward to using it as

we move forward in a new direction with Warrior Weekend." (Exhibit J (emphasis added).)

72. By using the Website, located at warriorweekend.com (which was used by WWC until Mr. Udovich's misappropriation of control), as well as the Warrior Weekend Logo, and the name "Warrior Weekend," Mr. Udovich is creating confusion for Warrior Weekend Corporation's potential donors and beneficiaries and falsely holding himself out as the Program.

73. WWC is entitled to an injunction preventing his use of the Website, the Warrior Weekend Logo, and the name "The Original Warrior Weekend" or any other name incorporating the words "Warrior Weekend." Mr. Udovich should also be enjoined from claiming to represent WWC or passing off its documents or other materials as his own.

74. WWC is entitled to damages in an amount to be proven at trial.

75. WWC is also entitled to have Mr. Udovich pay its reasonable attorneys' fees and costs under the Deceptive Trade Practices Act because his actions have been willful.

## COUNT IV
### (Common Law Trademark Infringement)

76. WWC restates the allegations in Paragraphs 1 through 75 of this Verified Complaint as if fully set forth herein.

77.     Since 2010, WWC and/or Post 28, through long-established, widespread and exclusive use, the Warrior Weekend Logo has acquired special significance within the Mid-Atlantic region for providing weekend trips for active duty military enlisted and officer personnel undergoing medical treatment for wounds sustained in Iraq and Afghanistan and is therefore entitled to protection from use by others.

78.     WWC has exclusively and consistently used its Warrior Weekend Logo on its Website, promotional items, merchandise, and in advertisements.

79.     In the areas in which WWC markets and operates, the Warrior Weekend Logo is associated with WWC and its Program.

80.     Mr. Udovich, a former Program Leader and signatory to the Transfer Agreement, had actual notice of WWC's common law trademark on the Warrior Weekend Logo at all times.

81.     Mr. Udovich has infringed on that common law trademark by using it for his own purposes on the Website after misappropriating control of the Website.

82.     Additionally, in August 2015, with knowledge of WWC's exclusive use of the Warrior Weekend Logo and unbeknownst to WWC, Mr. Udovich, using WWC promotional material as if it were his own, applied for a trademark of WWC's Warrior Weekend Logo.

8596118/3

83.   In March and May of 2016, Defendant's trademark application for registration of the Warrior Weekend Logo was approved based on Mr. Udovich's false claims.

84.   Defendant sought to cease WWC's long-established and widespread use of the Warrior Weekend Logo based on this registration obtained through fraud.

85.   Since Mr. Udovich misappropriated the Website and made it known that he planned to organize a program substantially similar to WWC's Program and use the Warrior Weekend Logo, WWC informed Defendant that such conduct would create a likelihood of confusion in the marketplace.

86.   By using WWC's Warrior Weekend Logo as his own, and by fraudulently registering it in his name, Defendant is willfully and deceptively acting in a manner likely to create confusion among WWC's donors and beneficiaries who are familiar with WWC's Warrior Weekend Logo.

87.   Mr. Udovich's use and/or threatened used of Warrior Weekend Logo is likely to divert and/or has diverted donors and beneficiaries from WWC.

88.   If WWC's Warrior Weekend Logo is not protected by the Court, instances of confusion and diversion of WWC's donors and beneficiaries will continue, to the detriment and harm of WWC.

89. WWC seeks damages in an amount to be proven at trial and an injunction preventing Mr. Udovich from using the Warrior Weekend Logo in violation of WWC's common law trademark.

## COUNT V
### (False or Fraudulent Registration of Trademarks and Cancellation of Registrations)

90. WWC restates the allegations in Paragraphs 1 through 89 of this Verified Complaint as if fully set forth herein.

91. Unbeknownst to WWC, in August 2015, Mr. Udovich applied for a trademark in his name using the Warrior Weekend Logo. In that application, Mr. Udovich claimed that "the mark was used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 4/1/2010 ... *and is now in use in such commerce.*" (Exhibit G (emphasis added).) In short, Mr. Udovich led the government to believe that Mr. Udovich or a company controlled by him was using the mark in commerce. Mr. Udovich made this statement despite the fact that he had not used the Warrior Weekend Logo at least since the time of the execution of the Transfer Agreement, which was executed on February 1, 2012.

92. Unable to show his own current use of the Warrior Weekend Logo in the application, Mr. Udovich provided a copy of a flyer prepared and distributed by WWC in 2014. He presented the document displaying the logo as if he or a

company controlled by him had distributed it to support his false claim of ongoing use. His application of course does not disclose the Transfer Agreement or that Post 28 and subsequently WWC had actually used the mark over the three and one-half years since the Transfer Agreement.

93.     On May 10, 2016, through his fraudulent representations, obtained a trademark with the Reg. No. 4,954,720 and the Ser. No. 86-724,373.

94.     On information and belief, Mr. Udovich also registered a trademark in Delaware with the number 20162598508.

95.     After unilaterally obtaining registrations for the mark through these misrepresentations, on May 31, 2016, Mr. Udovich sent a letter stating, in part:

> Please inform Warrior Weekend Corporation, WWC, that it is both inappropriate and unlawful for them to use the above mentioned mark at this time. ... Please inform WWC that their current use of this mark on their website and promotional items, (hats, clothing, posters, etc.), is against the law.

(Exhibit I.)

96.     Mr. Udovich has also updated the Website since receiving the trademark registration through fraud. Demonstrating Mr. Udovich's continued intent to misappropriate the name "Warrior Weekend" and the Warrior Weekend Logo, Mr. Udovich posted:

> On May 10, 2016, the United States Patent and Trademark Office issued *our* trademark.

*Our* trademark now enjoys the same protection as marks owned by large companies like Nike and Apple ! [sic]

*We are proud of this mark and look forward to using it as we move forward in a new direction with Warrior Weekend.*

(Exhibit J (emphases added).)

97. Prohibiting the very action Mr. Udovich has taken, 15 U.S.C.A. § 1120 provides: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

98. Mr. Udovich violated Section 1120 by making false and fraudulent statements to the USPTO and by passing off a WWC document as his own.

99. WWC is entitled to damages in an amount to be determined at trial.

100. Furthermore, pursuant to 15 U.S.C.A. § 1119, WWC requests that this Court cancel Mr. Udovich's registration in the trademark with the Reg. No. 4,954,720 and the Ser. No. 86-724,373.

101. Similarly, pursuant to 6 *Del. C.* § 3309, WWC requests this Court cancel Mr. Udovich's registration of the trademark in Delaware with the number 20162598508.

## COUNT VI
### (Declaratory Judgment)

102. WWC restates the allegations in Paragraphs 1 through 101 of this Verified Complaint as if fully set forth herein.

103. There is an actual controversy between WWC and Mr. Udovich as to who owns the "Warrior Weekend" name, the Warrior Weekend Logo, and control of the Website.

104. Mr. Udovich signed the Transfer Agreement on February 1, 2012.

105. The Transfer Agreement is a binding and enforceable contract.

106. The Transfer Agreement contains no anti-assignment provisions.

107. Post 28 assigned its rights under the Transfer Agreement and over the Program to WWC.

108. WWC has met its obligations to operate the Program.

109. WWC seeks a declaration that WWC owns the "Warrior Weekend" name, the Warrior Weekend Logo, and control of the Website.

WHEREFORE, WWC prays for the following:

(a) Damages in an amount to be proven at trial;

(b) Specific performance of the Transfer Agreement's requirement that Mr. Udovich provide WWC the password necessary to change and update the Website;

(c) Preliminary and permanent injunctions preventing Mr. Udovich, or any entity owned or controlled by Mr. Udovich, from:

 i. Using the name "Warrior Weekend" or any derivative that is likely to cause confusion with WWC;

 ii. Using the Warrior Weekend Logo;

 iii. Representing himself or itself, as the case may be, as the Warrior Weekend Program or the Warrior Weekend Corporation;

 iv. Using Warrior Weekend Program documents or Warrior Weekend Corporation documents;

 v. Altering the password to the Website after it has been provided to WWC or otherwise attempting to interfere with WWC's control of the Website;

(d) Cancellation of Mr. Udovich's registration of the trademark with the USPTO for the Warrior Weekend Logo with the Reg. No. 4,954,720 and the Ser. No. 86-724,373;

(e) Alternatively, if the Court does not order the cancellation of the registrations, a mandatory injunction requiring Mr. Udovich to (1) disclose to the State of Delaware and the USPTO that he represented a WWC document as his own in registering the Warrior Weekend Logo

as a trademark in his name and (2) correct any other

misrepresentations he made in registering the Warrior Weekend Logo

as a trademark in his name;

(f) Cancellation of Mr. Udovich's registration of the trademark with the

State of Delaware with the number 20162598508;

(g) An award of WWC's reasonable attorneys' fees and costs; and

(h) Such other and further relief as is just and proper.

MORRIS JAMES LLP

Jason C. Jowers (#4721)
Patricia A. Winston (#5248)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
Dated: June 8, 2016                  *Attorneys for Plaintiff*